PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1997 GMC Chevrolet Suburban struck a downed tree on Counfy Route 12/7, locally designated Savage Road, in Bruceton Mills, Preston Counfy. Counfy Route 12/7 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:30 a.m. on February 19,2009. Counfy Route 12/7 is a gravel road that varies in width from two-lanes at its widest and one-lane at its narrowest. Claimant Beth Olinzock testified that on the date of the incident there was approximately four feet or more of snow on the ground. Mrs. Olinzock stated that at the time of the incident she lived on Counfy Route 12/7, which she described as a remote road with only a few residents and in such poor condition that neither the school bus nor the U. S. postal service would come down the road. Mrs. Olinzock testified that three days prior to the incident giving rise to this claim she contacted Respondent’s shed in Bruceton Mills to report a downed tree on Counfy Route 12/7, and was informed that they would come out and look at *240 it as soon as possible. At the time of the incident, Mrs. Olinzoclc was driving her children to the bus stop. Believing that the tree had not been removed, and unable to see it because of the snow, Mrs. Olinzoclc attempted to drive around where she knew the tree had fallen. However, the tree had, in fact, been moved to the opposite side of the road and Mrs. Olinzoclc drove over a portion of the tree, approximately a foot and a half in diameter. Mrs. Olizoclc was not aware that the tree had been moved and does not know who moved it.
As a result of this incident, Claimants’ vehicle sustained damage to the tie rod ends, running boards, and front fender in the amount of $5,124.54. Since Claimants’ insurance declaration sheet indicates that their collision deductible is $500.00, Claimants’ recovery is limited to that amount.
It is the Claimants’ position that Respondent knew or should have known about the tree in the road on County Route 12/7 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain County Route 12/7 or provide proper warning to the traveling public of the known hazardous condition prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on County Route 12/7 at the time of the incident. Larry Weaver, Highway Administrator for Respondent in Preston County, testified that he is familiar with County Route 12/7, which he described as a priority four road. Mr. Weaver agreed with Mrs. Olinzock’s testimony that Route 12/7 is a remote road in very bad condition. Mr. Weaver testified that on the date of the incident, Respondent’s crews were focused on snowremoval and maintenance on the County’s priority one roads, including the US Highways and WV Routes, and not the priority four roads which are given the lowest priority. Mr. Weaver also stated that he had not been informed of Mrs. Olinzock’s report of the downed tree, but stated that there is often a small delay in the relay of complaints.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimants must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986). In cases involving falling trees or tree limbs, the Court has held that respondent is liable for dangerous trees or tree limbs on its property or rights-of-way. Wiles v. Division of Highways, 22 Ct. Cl. 170 (1999).
In the instant case, the Court is of the opinion that Claimants failed to establish by a preponderance of the evidence that Respondent was negligent in the maintenance of County Route 12/7 at the time of the incident. The evidence establishes that Mrs. Olinzoclc was operating under the assumption that neither the snow nor the tree had been removed from the road, and nevertheless she assumed the risk of driving on County Route 12/7. The evidence further establishes that Respondent was operating under Snow Removal and Ice Control (SRIC) at the time of the incident due to the significant amount of snow accumulation in Preston County. The Court is well aware that during periods of snow and ice Respondent directs its attention to the primary routes and is not able to address all county routes. While sympathetic to Claimants’ loss, the Court will not impose an impossible duty upon Respondent during periods when its attention must be the control of ice and snow on the State’s highways. Therefore, the Court has detennined that Claimants may not make a recovery for their loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this *241 claim.
Claim disallowed.